[Cite as *State v. Miller*, 2026-Ohio-2853.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | |
|---|---|
| STATE OF OHIO : | C.A. No. 2025-CA-36 |
| Appellee : | |
| : | Trial Court Case No. 2025 CR 026 |
| v. : | |
| : | (Criminal Appeal from Common Pleas |
| DARCIE J. MILLER : | Court) |
| : | |
| Appellant : | **FINAL JUDGMENT ENTRY &** |
| : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on July 24, 2026, this appeal is dismissed as moot.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately send a copy of the court's ruling to each party and note that action on the docket. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
RONALD C. LEWIS, PRESIDING JUDGE

EPLEY, J., and HUFFMAN, J., concur.

CHRIS BECK, Attorney for Appellant
KARA N. RICHTER, Attorney for Appellee

LEWIS, P.J.

{¶ 1} Defendant-appellant Darcie J. Miller appeals from the Champaign County Common Pleas Court's judgment sentencing her to concurrent prison sentences after she violated the terms of community control. For the following reasons, we dismiss the appeal as moot.

I.      Course of Proceedings

{¶ 2} On April 7, 2025, a Champaign County grand jury indicted Miller on two counts of assault, fifth-degree felonies in violation of R.C. 2903.13(A), and one count of obstructing official business, a fifth-degree felony in violation of R.C. 2921.31(A). On July 3, 2025, Miller pleaded guilty to one count of obstructing official business and one count of assault. The trial court found her guilty of both counts and dismissed the remaining assault count. On that same day, the trial court sentenced Miller to three years of community control. The trial court's judgment stated that if Miller violated her community control and the community control was revoked, then the court could impose up to twelve months in prison for each of the two counts on which she was convicted.

{¶ 3} On December 9, 2025, Miller's probation officer filed a notice of supervision violation based on Miller's unsuccessful discharge from the West Central Residential Program. The matter proceeded to a December 22, 2025 hearing on the merits of the alleged community control violation. At the beginning of the hearing, the trial court was informed that Miller wished to admit to the community control violation. Ultimately, the trial

2

court found Miller guilty of the community control violation and revoked her community control. In its December 22, 2025 judgment entry, the trial court sentenced Miller to 12 months in prison on each of the two counts of which she had previously been convicted. The court ordered the sentences to run concurrently with each other, for a total prison sentence of 12 months. The trial court stated that Miller was entitled to 222 days of jail-time credit. Miller filed a timely notice of appeal.

{¶ 4} The parties filed their appellate briefs. After reviewing the parties' appellate briefs and the record, it appeared to this court that this appeal may be moot. Therefore, on June 10, 2026, we issued an order to show cause why this appeal should not be dismissed as moot. Miller was given 14 days to file a response to our order but did not file one.

## II. Miller's Appeal Is Moot

{¶ 5} Miller's assignment of error states:

THE TRIAL COURT ERRED IN IMPOSING A TWELVE MONTH PRISON SENTENCE FOR APPELLANT'S COMMUNITY CONTROL VIOLATION BECAUSE THE APPELLANT'S WAIVER OF PROBABLE CAUSE AND MERITS HEARING WAS NOT KNOWINGLY AND INTELLIGENTLY ENTERED.

{¶ 6} As a threshold issue, we must address whether the issue raised in this appeal is moot. "[W]hen parties 'lack a legally cognizable interest in the outcome,' a case becomes moot." *Cyran v. Cyran*, 2018-Ohio-24, ¶ 9, quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "The concept of mootness on appeal is that there is no meaningful remedy that the appellate court can provide in the event of a reversal." *State v. Portis*, 2011-Ohio-2429, ¶ 18 (2d Dist.). "An appeal from the revocation of community control is moot where the defendant has served the jail or prison sentence imposed, and there is no indication that the

3

defendant is on post-release control or is subject to collateral liability." *State v. Moughler*, 2018-Ohio-1055, ¶ 7 (2d Dist.). "A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." *In re S.J.K.*, 2007-Ohio-2621, ¶ 10, citing *Pollard v. United States*, 352 U.S. 354 (1957).

{¶ 7} Based on the State's appellate brief and our calculation of the number of days since Miller was sentenced, it appeared Miller may have already completed her prison sentence. We issued an order to show cause why this appeal should not be dismissed as moot. Miller failed to respond to the order to show cause. Therefore, we take judicial notice of the Ohio Department of Rehabilitation and Correction's website, which confirms that Miller is no longer an inmate or person on post-release control. *See State v. Flowers*, 2019-Ohio-4366, ¶ 4 (2d Dist.); *Townsend v. Antioch Univ.*, 2009-Ohio-2552, ¶ 8 (2d Dist.) ("[A]n appellate court may consider evidence outside the record in order to dismiss an appeal as moot."). Because Miller has completed her prison sentence and is not on post-release control, we have no ability to provide Miller with any meaningful relief. Accordingly, the sole issue Miller raises on appeal is moot, and we must dismiss her appeal.

III. Conclusion

{¶ 8} Having concluded the issue raised by Miller is moot, we dismiss the appeal.

. . . . . . . . . . . . .

EPLEY, J., and HUFFMAN, J., concur.

4